O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT D. WALKER, | ) | Case No. EDCV 08-00577-OP |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The Court[1] now rules as follows with respect to the four disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 9, 10.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the severity of Plaintiff's mental impairment;
2. Whether the ALJ properly considered Plaintiff's credibility;
3. Whether the ALJ properly considered the lay witness testimony; and
4. Whether the ALJ posed a complete hypothetical to the vocational expert ("VE").

(JS at 2.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

# DISCUSSION

**A.  The ALJ Properly Considered the Severity of Plaintiff's Mental Impairment.**

On April 17, 2006, consultative examiner, Nicholas N. Lin, M.D., conducted a physical examination of Plaintiff.  During the examination, Plaintiff reported a history of paranoid schizophrenia, severe depression, and anxiety and reported he was on medications "which help with his mental problem."  (AR at 226, 230.)  On March 23, 2006, Ronald Marcus, M.D. (Parole Outpatient Clinic Psychiatrist), diagnosed Plaintiff with "Major depression, recurrent."  (Id. at 196.)  Dr. Marcus further reported that Plaintiff's symptoms when off medication include paranoia, anxiety, panic attacks, depression, suicidal insomnia, racing thoughts, and moodiness.  (Id.)  An interviewer in the field office, R. Cruz, reported that during his face to face interview with Plaintiff, "claimant would not make eye contact with me" and "kept looking down and moving his head around."  (Id. at 85.)  The interviewer concluded:  "Clear mental and social issues present."[3]  (Id.)  Plaintiff claims that these reports constituted credible evidence of a mental condition that has more than a minimal effect on his ability to do basic work activities and that the ALJ improperly considered Plaintiff's mental impairment and depression to be non-severe.  (JS at 3.)  The Court does not agree.

The ALJ determined that Plaintiff had the severe mental impairments of anxiety attacks and schizophrenia but was capable of performing the full range of

---

[3]  There is no indication that the field office interviewer was a medical or other professional such that his opinion should be accorded any weight.  It is the sole responsibility of the Commissioner to decide the ultimate issue of disability.  20 C.F.R. § 416.903(c) (2008).  The ALJ's failure to mention this note or to consider it in any way was not error.

3

medium work.[4]  (Id. at 15.)  Substantial evidence supported the ALJ's decision. He specifically addressed the August 2002 through October 2005 treatment notes from the California Department of Corrections and Rehabilitation ("CDCR"),[5] and considered Plaintiff's treatment for symptoms of depression, anxiety, and panic attacks.  (AR at 17, 163-89.)  The treatment notes indicated that Plaintiff was diagnosed with schizoaffective disorder - depressive type, and reported decreased anxiety and auditory hallucinations with medication, and no side effects.  (Id. at 168, 170-71, 173-75.)

The ALJ also considered progress notes from the CDCR from October 2005 to November 2006, which includes Dr. Marcus' note, once Plaintiff was released from prison.  (Id. at 17, 190-207.)  The ALJ noted that Plaintiff received medication for his depression and anxiety (id. at 17, 190-207), and reported "good results with medication management," and no side effects (id. at 18, 192.)

The ALJ also specifically considered the Mental Status Examination by Dr. Marcus, in which Dr. Marcus evaluated Plaintiff for symptoms of depression and anxiety, and panic attacks.  (Id. at 17, 194-95.)  The ALJ noted that Dr. Marcus found that Plaintiff was alert and oriented; had full and appropriate affect; had excellent mood; denied any suicidal or homicidal thoughts, delusions or hallucinations; showed good cooperation; and normal intelligence.  (Id. at 17, 194-95.)  Plaintiff was also found to have intact cognition and memory, good insight, and fair judgment.  (Id. at 17, 195.)  Dr. Marcus indicated a diagnosis of "major depression recurrent" and assigned Plaintiff a global assessment of functioning

---

[4] Defendant claims the ALJ limited Plaintiff to "simple and repetitive, non-public, medium work."  (JS at 5.)  This is incorrect - the ALJ found Plaintiff capable of a full range of medium work.  (AR at 4.)

[5] Plaintiff had previously been convicted of second degree robbery and lewd and lascivious acts with a child under age fourteen.  (AR at 206.)

score of 60, indicating moderate symptoms. (Id. at 17, 195); American Psych. Assoc. Diagnostic and Statistical Manual of Mental Disorders - IV - TR 354 (4th Ed. 1994) ("DSM-IV"). Although Plaintiff highlights the symptoms described by Dr. Marcus when Plaintiff is "off meds" (see JS at 3), the records show that while Plaintiff is on medication, he responds well and has no side effects.[6] (AR at 18, 192, 194.) See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (concluding substantial evidence supported finding of not disabled where conditions were controlled by medication).

The ALJ also discussed Dr. Lin's consultative internal medical evaluation within the context of assessing whether Plaintiff suffered from any physical impairments. (See AR at 14.) The ALJ noted that Plaintiff underwent that examination "for complaints of . . . history of anxiety and depression, low back pain, and hepatitis C (Exhibit 5F)." (Id.) In fact, Dr. Lin's report clearly indicates that the Plaintiff's "chief complaints," which included the history of anxiety and depression, were self-reported by Plaintiff "who was a fair historian." (Id. at 226.) Despite these self-reported "complaints," based on his physical examination and his observations of Plaintiff during the examination, Dr. Lin found that Plaintiff was capable of lifting or carrying fifty pounds occasionally and twenty-five pounds frequently; stand or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday; frequently bend, stoop, crouch, kneel, and climb; and that there were no manipulative, visual, communicative, or other limitations. (Id. at 230.)

Finally, the ALJ considered the opinion of State Agency physicians, H. Amado, M.D., and K. D. Gregg, M.D. (Id. at 18, 212-225, 242.) A

---

[6] Plaintiff complained in June 2006 that he felt paranoid around people and thought they can read his mind. His medication was adjusted and in September 2006, he reported that his medications were "working fine." (AR at 194.)

non-examining physician's opinion may also be substantial evidence when it is not contradicted by all other evidence. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600, 602-03 (9th Cr. 1999). Dr. Amado reviewed Plaintiff's medical records and relied on the "clinical data from the parole clinic" including Dr. Marcus' Mental Status Examination in drawing conclusions regarding Plaintiff's limitations. (AR at 242.) Dr. Amado noted that there were no new psychiatric allegations and the updated functional information and clinical data from the parole clinic were consistent with Dr. Gregg's prior recommendation dated March 13, 2006.[7] (Id. at 18, 242.) Dr. Amado's opinion is not contradicted by other evidence, and, indeed, is consistent with much of the record evidence. (See id.)

Based on the foregoing, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments, including his symptoms of depression, were non-disabling.

**B.     The ALJ Properly Considered Plaintiff's Credibility.**

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his alleged symptoms were not entirely credible. (Id. at 18.) Plaintiff contends that the ALJ failed to identify the testimony he found not credible and failed to provide legally sufficient reasons for rejecting that testimony. (JS at 9.) The Court does not agree.

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341,

---

[7] The March 13, 2006, report referred to and adopted by Dr. Amado found Plaintiff suffered from a schizoaffective disorder and a history of anxiety attacks with moderate difficulties in maintaining social functioning, concentration persistence, or pace, and mild restrictions in activities of daily living. (AR at 212-22.)

345-47 (9th Cir. 1991).  In this case, the ALJ properly discounted Plaintiff's credibility with respect to both his physical and mental impairments based on the medical and treatment records, Plaintiff's activities of daily living, his medication regimen, and his own inconsistent statements.  The ALJ noted that despite Plaintiff's report of panic attacks, he is able to go out several times a day and relates well with his mother and his friends, calling mother or his friends at least three times per week.  (AR at 18.)  He also noted that Plaintiff lives with roommates in a sober living house "with no indication of any significant problems."  (Id.)  Although Plaintiff testified he is unable to afford living on food stamps and no income, the State pays for his housing, and Plaintiff is aware he is able to go to the emergency room for treatment but refuses to seek such treatment.  (Id.)  The ALJ also reported that Plaintiff's statements in the record and statements by his mother, indicate Plaintiff performs self-care activities independently, performs a variety of daily activities, interacts with others, and engages in purposeful activity "when he is motivated to do so."  (Id.)  He noted that Plaintiff also reported, however, that "he has difficulty in every area of functional ability except in seeing and completing tasks, both of which are not consistent with his other statements in the record that he has vision problems, memory problems, and concentration problems."  (Id. at 18-19 (emphasis added).)  The ALJ noted Plaintiff's statement that he was trying to find employment but that no one would hire him because of his criminal record.  (Id. at 18.)  He stated that with respect to physical impairments, Plaintiff's assessment of his own physical limitations were quite exaggerated and unsupported by documented pathology, the alleged problems were not severe enough for Plaintiff to seek treatment, and that Plaintiff had not carried his burden of proving that his symptoms prevented him from returning to work-related activities.  (Id.)

       After his review, the ALJ concluded that Plaintiff's testimony and

statements were credible "to the extent that the claimant is limited to performing work within the delineated residual functional capacity" but that much of Plaintiff's activities as reported by him and his mother "are inconsistent with an incapacitating or debilitating condition at any time since the claimant's alleged onset date." (Id. at 19.)

The ALJ could properly rely on Plaintiff's daily activities in support of his adverse credibility determination. See, e.g., Thomas, 278 F.3d at 958-59 (ALJ may properly consider inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, and claimant's daily activities and inconsistencies in claimant's testimony); Morgan,169 F.3d at 599-600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support, lack of treatment, and daily activities inconsistent with total disability, all of which undermine subjective testimony of disabling pain); Orteza, 50 F.3d at 750 (ALJ may properly rely on claimant's daily activities and inconsistencies in claimant's testimony); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ may properly rely on daily activities inconsistent with claim of disabling pain). Here, the discrepancies between Plaintiff's hearing testimony and other records is a legitimate reason to reject his testimony. Morgan, 169 F.3d at 599-600 (claimant not credible where she did not report to her health card providers the same level of pain and limitations to which she testified at the hearings); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (credibility finding upheld where ALJ noted contradictions between claimant's testimony and the relevant medical evidence); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (claimant not credible where he had previously reported his symptoms as much less severe).

1 Based on the foregoing, the Court finds the ALJ's credibility finding was
2 supported by substantial evidence and was sufficiently specific to permit the Court
3 to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective
4 testimony.

**C.     The ALJ Properly Consdered the Lay Witness Testimony of Plaintiff's Mother.**

In a third party function report, Plaintiff's mother reported that Plaintiff is paranoid, and that his impairments affect his ability to lift, squat, stand, reach, concentrate, remember things, and understand and follow instructions. Additionally, she reported that Plaintiff does not like to be around people. (AR at 95-101.) Plaintiff contends that the ALJ "merely summarized the testimony and then rejected it without providing legally sufficient reasons." (JS at 14.) The Court disagrees.

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work." Further, the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. When rejecting lay witness testimony, the ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

In this case, the ALJ summarized Plaintiff's mother's testimony. (AR at 19.) He pointed out inconsistencies in her testimony. For instance, she stated that Plaintiff gets out several times a day, spends time with others in the sober living house, and calls her or his friends at least three times per week, yet she claims he has difficulty being around other people. (Id.) She claimed he had difficulty with concentration but also reported that Plaintiff was capable of paying bills and counting change. (Id.) With respect to her report that Plaintiff has difficulty "in every functional ability except talking, hearing, seeing, and using his hands and . . . he was able to walk only five to ten minutes," the ALJ noted that her "assessment is quite exaggerated in its limitations and unsupported by documented pathology." (Id.)

Based on the foregoing, the Court finds that the ALJ provided sufficient reason germane to the witness for giving her statement less weight. Thus, there was no error.

**D.     There Was No Error in the Hypothetical Posed to the VE.**

Plaintiff contends that the ALJ erred because the hypothetical posed to the VE failed to set out all of Plaintiff's "particular limitations and restrictions," specifically "it fails to set out factors bearing upon plaintiff's severe mental impairments . . . [and] fails to set out factors bearing upon plaintiff's depression and severe anxiety attacks," as set forth in Plaintiff's first issue. (JS at 17.)

In his hypothetical to the VE, the ALJ asked the VE to assume Plaintiff was able to lift fifty pounds with difficulty, twenty-five pounds without difficulty, stand and walk six hours out of eight, sit six hours out of eight, and push and pull within the weight limits indicated, but that he was moderately limited in four areas: the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, and the ability to interact appropriately with the public. (AR

1  at 42, 208-09.)  The ALJ indicated that moderate meant "more than a slight
2  limitation in the area but the individual was still able to function satisfactorily."
3  (Id. at 42.)  The VE testified that with those limitations, Plaintiff could perform
4  unskilled work at the medium exertional level.  (Id. at 43.)
5      "In order for the testimony of a VE to be considered reliable, the
6  hypothetical posed must include 'all of the claimant's functional limitations, both
7  physical and mental' supported by the record."  Thomas, 278 F.3d at 956 (quoting
8  Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)).  Hypothetical questions
9  posed to a VE need not include all alleged limitations, but rather only those
10 limitations which the ALJ finds to exist.  See, e.g., Magallanes v. Bowen, 881
11 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.
12 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  As a result, an
13 ALJ must propose a hypothetical that is based on medical assumptions, supported
14 by substantial evidence in the record, that reflects the claimant's limitations.
15 Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v.
16 Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews v. Shalala, 53 F.3d
17 1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence
18 which is disputed, the assumptions in the hypothetical must be supported by the
19 record).
20     As previously discussed, the record evidence fully supported the ALJ's
21 finding that Plaintiff's depression was non-severe.  Accordingly, there was no
22 error in the ALJ's hypothetical questions to the VE which did not include these
23 limitations.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because
24 the ALJ included all of the limitations that he found to exist, and because his
25 findings were supported by substantial evidence, the ALJ did not err in omitting
26 the other limitations that Rollins had claimed, but had failed to prove.").
27 / / /
28

## IV.
## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: April 1, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge